Louis L. Friedman, J.
Landlord in this article 78 proceeding seeks a review of respondent’s determination which denied *714 him a certificate of eviction for failing to establish immediate and compelling necessity.
The record shows that petitioner in July, 1950, purchased the subject two-family house (formerly one-family) and occupied the first-floor apartment therein with his wife; thereafter two sons were born, now nine and one and one-half years of age respectively. As a one-family dwelling all the bedrooms were on the second floor. However, petitioners occupied the first floor, utilizing the “ living room ” as their bedroom wherein the younger boy slept in a crib, while the older child slept in the enclosed front porch adjacent to his parents’ sleeping quarters. Movants point out specifically that archways and no doors separate the living room (used as a bedroom) and dining room, and therefore contend lack of space, privacy and overcrowding make it imperative to obtain the tenant’s three-room apartment as applied for.
Movants’ application, following a physical inspection, was denied by the Local Rent Administrator on the ground that “ landlord has failed to establish the existence of an immediate and compelling necessity.” Petitioner’s protest was denied by respondent and on judicial review, at the behest of respondent, the matter was remitted for further consideration to the State Rent Administrator with the landlord’s consent.
Following a hearing at respondent’s principal office and another physical inspection, respondent affirmed its previous order, denied landlord’s protest and affirmed the order of the Local Rent Administrator. The tenant’s opposition throughout all these proceedings was to the effect that the landlord and his family were already adequately housed.
The regulatory section 55 of the State Rent and Eviction Regulations provides,as here pertinent: “ Section 55. Occupancy by landlord or immediate family. 1. A certificate shall be issued where the landlord seeks in good faith to recover possession of housing accommodations because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family. * * * Provided, however, that where the housing accommodations are located in a one- or two-family house * * * and the landlord seeks to recover possession for his own personal use, an immediate and compelling necessity need not be established.” (Emphasis supplied.)
What the statute renuires is a showing by the landlord of (1) good faith and (2) immediate and compelling necessity. Examination of the record fails to show any reference directly or indirectly to the first requirement, the application being *715 denied solely for failure to establish immediate and compelling necessity. Presumably, therefore, the landlord’s “ good faith ” was established and never in question, on either the local level, on protest, or on remission to the Rent Administrator. The record clearly shows that the owner sought in good faith to recover possession of the dwelling accommodations for his own personal use and occupancy. Since the subject building is a two-family house, immediate and compelling necessity need not be established (Hogan v. McGoldrick, 108 N. Y. S. 2d 669, 673). By the plain, specific language of subdivision 1 of section 55 it is the policy of the law to aid owners of one- or two-family houses in like circumstances. Further, the two inspection reports clearly show “crowding” in petitioner’s apartment; one uses the term “ overcrowded,” the other report employs the phrase “ not unduly overcrowded at this time.”
Respondent’s attempt to minimize the living conditions of movant cannot change the established fact that petitioner’s apartment is crowded and therefore the latter in good faith seeks the relief as permitted by statute. Both the inspectors’ reports and this record, I find, amply substantiate landlord’s good faith herein as required by the regulations. Accordingly, the application is granted, the orders of the State Rent Administrator and the Local Rent Administrator are vacated, cancelled and annulled on the ground that the actions of both were arbitrary, capricious and contrary to law. The matter is remitted to the Local Rent Administrator for further proceedings in accordance with this decision and I direct the issuance of a certificate of eviction to petitioner. Submit order.